UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARSONS & WHITTEMORE ENTERPRISES CORP., PARSONS & WHITTEMORE, INCORPORATED, GEORGE F. LANDEGGER, AND EVA LANDEGGER, | : <br> : <br> : <br> : |
| Plaintiffs, | 08 CV 2084 (CLB)(GAY) |
| - against - | : <br> ECF CASE |
| ARTHUR L. SCHWARTZ and LOUISE H. SCHWARTZ, | : <br> : |
| Defendants. | : |

### ANSWER, AFFIRMATIVE DEFENSES & DEFENSES OF LOUISE H. SCHWARTZ

Defendant Louise H. Schwartz ("Mrs. Schwartz") hereby states the following as her Answer, Affirmative Defenses, and Defenses to the Complaint of Parsons & Whittemore Enterprises Corp. ("PWE"), Parsons & Whittemore, Inc. ("P&W"), George F. Landegger ("Landegger"), and Eva Landegger (collectively, the "Landeggers") in the above-referenced action (the "Complaint").

### ANSWER

1. Paragraph 1 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mrs. Schwartz denies the allegations set forth in paragraph 1.

2. Paragraph 2 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mrs. Schwartz denies the allegations set forth in paragraph 2.

1

## JURISDICTION AND VENUE

3. Denies the allegations set forth in paragraph 3 of the Complaint, except admits that plaintiffs purport to invoke jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that plaintiffs purport to invoke venue as stated therein.

## PARTIES

5. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. Admits that P&W is headquartered in Rye Brook, New York. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and therefore denies them.

7. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8. Admits that Eva Landegger was married to George F. Landegger. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies them.

9. Admits that Arthur L. Schwartz ("Mr. Schwartz") is a citizen of the State of New Jersey. Admits that prior to the termination of his employment, Mr. Schwartz had been President and Chief Operating Officer of P&W, and since the mid-1980's, a member of the company's board of directors. Denies that there was a cause basis for his termination, but admits that P&W purported to terminate him in 2002.

10. Admits paragraph 10.

## **FACTUAL ALLEGATIONS**

### **Background**

Paragraphs 11 through 42 of the Complaint do not assert allegations against Mrs. Schwartz as to which an answer is required. To the extent an answer may be deemed to be required with respect to paragraphs 11 through 42, Mrs. Schwartz hereby states the following:

11. Admits that the P&W Group engineered, constructed, and operated pulp and paper mills around the world. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies them.

12. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

### **The Landegger-Schwartz Relationship**

13. Admits that Mr. Schwartz first came into contact with Landegger while Mr. Schwartz was an associate at Roberts & Holland; that Mr. Schwartz served as tax and estate counsel for the trustees of Landegger's father's estate; that he has an L.L.M. in tax law from New York University; and that he practiced law at the United States Treasury and the New York City Tax Department. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14. Admits that on behalf of Roberts & Holland, Mr. Schwartz worked on the estate of Landegger's father; that at some point in time in the late 1970's or early 1980's, he became directly employed by P&W. Mrs. Schwartz lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies them.

15. Admits that in the late 1980's, Mr. Schwartz became President and Chief Operating Officer of P&W. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

### The Preparation of the Landegger's Tax Returns

20. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

## SCHWARTZ'S MALFEASANCE AND ITS DISCOVERY

## SCHWARTZ'S FAILURES IN FILING THE LANDEGGER'S STATE AND FEDERAL TAX RETURNS

### Federal Income Tax Returns

22. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

**State Income Tax Returns**

30. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

### SCHWARTZ DEFRAUDED PWE AND P&W TO CONCEAL HIS FRAUD ON THE LANDEGGERS

33. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

### SCHWARTZ'S MISAPPROPRIATION OF PWE DIVIDENDS OWED TO GEORGE LANDEGGER AND OF PWE AND P&W FUNDS

35. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them.

36. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them.

38. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

### SCHWARTZ'S GUILTY PLEA

40. Admits that on or about January 4, 2006, pursuant to a plea agreement, Mr. Schwartz pled guilty to two counts of making false statements in violation of 18 U.S.C. § 1001. Mr. Schwartz's plea agreement speaks for itself, and Mrs. Schwartz therefore denies the remaining allegations in paragraph 40.

41. Admits that, pursuant to Mr. Schwartz's plea agreement, the first count pertained to statements he made to IRS officials concerning the Landeggers' taxes for the tax years 1996 through 1999. Admits that Mr. Schwartz made false statements to IRS officials, claiming that the Landeggers' tax returns for the years 1996 through 1999 had been filed when he knew that this was false. Mr. Schwartz's plea agreement speaks for itself, and Mrs. Schwartz therefore denies the remaining allegations in sub-paragraphs 41(1) through 41(8).

42. Admits that, pursuant to Mr. Schwartz's plea agreement, the second count pertained to false statements made to IRS officials concerning his own taxes for the tax years 1992 and 1993. Mr. Schwartz's plea agreement speaks for itself, and Mrs. Schwartz therefore denies the remaining allegations in sub-paragraphs 42(1) through 42(3).

### SCHWARTZ'S FRAUDULENT CONCEALMENT OF HIS MISCONDUCT AND HIS ATTEMPTS TO RENDER HIMSELF JUDGMENT PROOF

43. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.

44. Denies the allegations set forth in the first sentence of paragraph 44, except that she admits that in February 2003, plaintiffs brought the First Action, and that plaintiffs purport to proceed as stated therein. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44, and therefore denies them.

45. Mr. Schwartz's Answer to the Amended Complaint in the First Action speaks for itself.

46. Admits paragraph 46.

47. Admits that discovery in the First Action commenced on September 5, 2006. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47, and therefore denies them.

48. Mrs. Schwartz lacks sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 48, and therefore denies them.

49. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them.

49(1). Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49(1), and therefore denies them.

49(2). Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49(2), and therefore denies them.

49(3). Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49(3), and therefore denies them.

49(4). Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49(4), and therefore denies them.

49(5). Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49(5), and therefore denies them.

50. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51. Denies the allegations in paragraph 51.

52. Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53. Paragraph 53 alleges conclusions or law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mrs. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them.

54. Admits that plaintiffs filed a motion for leave to file a second amended complaint in the First Action on July 30, 2007. Plaintiffs' motion papers and the Court's decisions denying leave to amend speak for themselves.

## PLAINTIFFS' CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 273, 278 and 279)

55. Mrs. Schwartz restates and incorporates by reference herein her responses to the allegations in paragraphs 1 through 54.

56. Denies paragraph 56.

57. Denies paragraph 57.

58. Denies paragraph 58.

## SECOND CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 275, 278 and 279)

59. Mrs. Schwartz restates and incorporates by reference herein her responses to the allegations in paragraphs 1 through 58.

60. Denies paragraph 60.

61. Denies paragraph 61.

62. Denies paragraph 62.

## THIRD CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 276, 278 and 279)

63. Mrs. Schwartz restates and incorporates by reference herein her responses to the allegations in paragraphs 1 through 62.

64. Denies paragraph 64.

65. Denies paragraph 65.

66. Denies paragraph 66.

67. Denies paragraph 67.

## FOURTH CLAIM FOR RELIEF

### (Attorney's Fees Under NY DCL § 276-a)

68. Mrs. Schwartz restates and incorporates by reference herein her responses to the allegations in paragraphs 1 through 67.

69. Denies paragraph 69.

70. Denies paragraph 70.

71. Denies paragraph 71.

72. Denies paragraph 72.

## JURY DEMAND

Mrs. Schwartz demands a trial by jury in this action.

## DEFENSES & AFFIRMATIVE DEFENSES

1. The Complaint fails to plead its allegations with the requisite particularity and specificity, including all claims of fraud and constructive fraud.

2. The alleged conveyances were not fraudulent.

3. Mr. Schwartz did not intend to defraud, hinder, or delay plaintiffs.

4. Mrs. Schwartz did not intend to defraud, hinder, or delay plaintiffs.

5. Mr. Schwartz was solvent at the time of the gifts to his wife.

6. Mr. Schwartz did not intend or believe that he would incur debts beyond his ability to pay as they matured.

7. Mr. Schwartz was not rendered insolvent by the gifts to his wife.

8. Plaintiffs were not and are not present creditors as defined by the New York Debtor and Creditor Law.

9. Plaintiffs were not and are not future creditors as defined by the New York Debtor and Creditor Law.

10. Plaintiffs' claims are barred by the statute of limitations.

11 Plaintiffs' claims are barred by waiver and/or estoppel.

12. Plaintiffs' claims are barred by the doctrine of laches.

13. Lack of personal jurisdiction.

14. Plaintiffs lack standing.

15. The Complaint fails to state a claim upon which relief can be granted.

16. Plaintiffs' conduct renders inequitable the granting of the relief sought.

17. Mrs. Schwartz was not aware of and did not participate in any alleged fraud.

18. Illegality.

19. Contributory negligence.

Dated: April 24, 2008
      White Plains, NY

                Respectfully submitted,

                BRICCETTI, CALHOUN & LAWRENCE, LLP

                By: s/ Vincent L. Briccetti
                    Vincent L. Briccetti (VB-3285)
                    81 Main Street, Suite 450
                    White Plains, NY 10601
                    Telephone (914) 946-5900
                    Facsimile (914) 946-5906

                *Attorneys for Defendant Louise H. Schwartz*