UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARSONS & WHITTEMORE
ENTERPRISES CORP., PARSONS &
WHITTEMORE, INCORPORATED,
GEORGE F. LANDEGGER, AND EVA
LANDEGGER,

                Plaintiffs,              08 CV 2084 (CLB)(GAY)

    - against -                         ECF CASE

ARTHUR L. SCHWARTZ and LOUISE H.
SCHWARTZ,

                Defendants.

---

## ANSWER, DEFENSES, AND
## AFFIRMATIVE DEFENSES OF ARTHUR L. SCHWARTZ

Defendant Arthur L. Schwartz ("Schwartz") hereby states the following as his Answer, Defenses, and Affirmative Defenses to the Complaint of Parsons & Whittemore Enterprises Corp. ("PWE"), Parsons & Whittemore, Inc. ("P&W"), George F. Landegger ("Landegger"), and Eva Landegger (collectively, the "Landeggers") in the above-referenced action (the "Complaint").

### ANSWER

1.      Paragraph 1 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mr. Schwartz denies the allegations set forth in paragraph 1.

2.      Paragraph 2 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mr. Schwartz denies the allegations set forth in paragraph 2.

## JURISDICTION AND VENUE

3. Denies the allegations set forth in paragraph 3 of the Complaint, except admits that plaintiffs purport to invoke jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that plaintiffs purport to invoke venue as stated therein.

## PARTIES

5. Admits paragraph 5.

6. Admits paragraph 6.

7. Admits that Landegger is the current Chief Executive Officer and Chairman of the Board of Directors of both PWE and P&W and owns the majority of voting shares of PWE. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies them.

8. Admits that Eva Landegger was married to George Landegger for a period of years. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9. Admits that he is a citizen of the State of New Jersey. Admits that prior to the termination of his employment, he had been President and Chief Operating Officer of P&W and PWE, and since the mid-1980's, a member of each company's board of directors. Denies that there was a cause basis for his termination, but admits that P&W purported to terminate him on April 29, 2002.

10. Admits paragraph 10.

## FACTUAL ALLEGATIONS

### Background

11.     Admits that the P&W Group engineered, constructed, and operated pulp and paper mills around the world. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies them.

12.     Admits paragraph 12.

### The Landegger-Schwartz Relationship

13.     Admits that he first came into contact with Landegger while Mr. Schwartz was an associate at Roberts & Holland, which served as tax and estate counsel for the trustees of Landegger's father's estate; that he has an L.L.M. in tax law from New York University; and that he practiced law at the United States Treasury and the New York City Tax Department. Denies the remaining allegations in paragraph 13.

14.     Admits that on behalf of Roberts & Holland, he worked on the estate of Landegger's father; that at some point in time in the late 1970's or early 1980's, he became directly employed by P&W; and that he performed some limited personal tax functions for Landegger between 1977 and 2002. Denies the remaining allegations in paragraph 14.

15.     Admits that in the late 1980's, he became President and Chief Operating Officer of P&W and most of its affiliates. Admits that he had the authority to approve some legitimate company expenses and to authorize the payment of some expenses. Denies the remaining allegations in paragraph 15.

16. Admits that he entered into an employment agreement with P&W effective December 15, 1988. Admits that he entered into a Stock Option Deferred Compensation Agreement with P&W on or about December 15, 1988 over the course of which he received cash payments. Denies the remaining allegations in paragraph 16.

17. Admits that he signed an employment agreement with P&W on or about July 24, 1995. Denies the remaining allegations in paragraph 17.

18. Admits that ███████████████████████████ ███████████████████ Denies the remaining allegations in paragraph 18.

19. Admits that Landegger's will directed Eva Landegger to vote the majority shares in PWE she stood to inherit in accordance with Mr. Schwartz's direction. Admits that Landegger's will named Mr. Schwartz as the co-executor of his estate, named Mr. Schwartz as the successor guardian of the Landeggers' minor children, and named Mr. Schwartz the trustee of their trusts. Denies the remaining allegations in paragraph 19.

### The Preparation of the Landegger's Tax Returns

20. Denies paragraph 20.

21. Admits that the Landeggers from time to time granted him powers of attorney to act as their representative with taxing authorities. Denies the remaining allegations in paragraph 21.

## SCHWARTZ'S MALFEASANCE AND ITS DISCOVERY

## SCHWARTZ'S FAILURES IN FILING THE LANDEGGER'S STATE AND FEDERAL TAX RETURNS

### Federal Income Tax Returns

22. Denies the allegations in paragraph 22.

4

23. Denies the allegations in paragraph 23.

24. Admits that on January 4, 2006, pursuant to a plea agreement, he pled guilty to two counts of making false statements in violation of 18 U.S.C. § 1001; and that count one pertained to false statements made to representatives of the Internal Revenue Service concerning the filing of the Landeggers' 1996 through 1999 tax returns. Mr. Schwartz's plea agreement speaks for itself, and he therefore denies the remaining allegations in paragraph 24.

25. Admits that on January 4, 2006, pursuant to a plea agreement, he pled guilty to two counts of making false statements in violation of 18 U.S.C. § 1001; and that count two pertained to false statements made to a representative of the IRS concerning his own 1992 and 1993 tax returns. Mr. Schwartz's plea agreement speaks for itself, and he therefore denies the remaining allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28 Admits that he participated in consultations with the law firm of Stroock & Stroock & Lavan LLP concerning Landegger's sale of a foreign business in 1999. Denies the remaining allegations in paragraph 28.

29. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegation that checks were discovered in his files after his termination, and therefore denies them. Denies the remaining allegations in paragraph 29.

### State Income Tax Returns

30. Denies the allegations in paragraph 30.

31. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning New York obtaining the Landegger's federal tax information from the IRS and proposed assessments, and any purported overstatements of any New York assessments, and therefore denies them. Denies the remaining allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

### SCHWARTZ DEFRAUDED PWE AND P&W TO CONCEAL HIS FRAUD ON THE LANDEGGERS

33. Denies the allegations in paragraph 33.

34. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegation that checks were discovered in his files after his termination, and therefore denies them. Denies the remaining allegation in paragraph 34.

### SCHWARTZ'S MISAPPROPRIATION OF PWE DIVIDENDS OWED TO GEORGE LANDEGGER AND OF PWE AND P&W FUNDS

35. Admits that during the early 1990's, PWE declared dividends and issued checks to shareholders. Admits that he had conversations with employees of P&W concerning such dividends. Denies that he distributed dividend checks with the exception of $1.4 million in dividends due to Landegger. Denies that he used the money as a "slush fund" from which to pay the penalties and interest that the Landeggers had incurred. Denies that on at least three separate occasions, P&W employees told him that Landegger's dividend checks remained outstanding. Denies that he responded by saying that the must have been lost and that he requested that they be reissued. Denies that he then withheld the reissued checks from Landegger. Mr. Schwartz lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and therefore denies them.

36.   Admits that at the time of his purported termination from P&W, he had yet to re-pay $42,368.66 reflected in a suspense account at P&W. Denies that he misappropriated P&W funds in connection with his own taxes. Mr. Schwartz denies the remaining allegations in paragraph 36.

37.   Admits that on or about October 26, 2001, the Criminal Investigation Division of the IRS served him with a summons addressed to P&W requesting various documents in connection with the IRS's criminal investigation of Landegger for tax years 1995 through 1999. Admits that he spoke to no one at P&W concerning the investigation into Landegger's tax situation until mid-November 2001. Admits that he met with Maria Fulgieri in the autumn of 2001. Denies the remaining allegations in paragraph 37.

38.   Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the allegations that Landegger met with IRS special agents on or about February 12, 2002 and as to the truth of the allegations concerning what transpired at any purported meetings, and therefore denies them. Denies the remaining allegations in paragraph 38.

39.   Denies that he lied to Leon Reimer about the filing of the Landeggers' federal tax returns. Denies that there was a cause basis for his termination, but admits that P&W purported to terminate him on April 29, 2002. Mr. Schwartz lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and he therefore denies them.

## SCHWARTZ'S GUILTY PLEA

40. Admits that on or about January 4, 2006, pursuant to a plea agreement, he pled guilty to two counts of making false statements in violation of 18 U.S.C. § 1001. Mr. Schwartz's plea agreement speaks for itself, and he therefore denies the remaining allegations in paragraph 40.

41. Admits that, pursuant to his plea agreement, the first count pertained to statements he made to IRS officials concerning the Landeggers' taxes for the tax years 1996 through 1999. Admits that he made false statements to IRS officials that the Landegger's tax returns for the years 1996 through 1999 had been filed when he knew that this was false. Mr. Schwartz's plea agreement speaks for itself, and he therefore denies the remaining allegations in sub-paragraphs 41(1) through 41(8).

42. Admits that, pursuant to his plea agreement, the second count pertained to false statements made to IRS officials concerning his own taxes for the tax years 1992 and 1993. Mr. Schwartz's plea agreement speaks for itself, and he therefore denies the remaining allegations in sub-paragraphs 42(1) through 42(3).

## SCHWARTZ'S FRAUDULENT CONCEALMENT OF HIS MISCONDUCT AND HIS ATTEMPTS TO RENDER HIMSELF JUDGMENT PROOF

43. Denies the allegations in paragraph 43.

44. Admits that in February 2003, plaintiffs brought the First Action, and that plaintiffs purport to proceed as stated therein. Admits that ███████ ████████████████████████████████████████████████████████ ███████ Denies the remaining allegations in paragraph 44.

45. Admits paragraph 45.

8

46.     Admits that on September 6, 2005, the Court in the First Action granted partial summary judgment to PWE and P&W. The Court's Decision and Order in the First Action speaks for itself.

47.     Admits that discovery in the First Action commenced on September 5, 2006. Admits that plaintiffs' first document requests in October 2006 requested documents reflecting his net worth. Mr. Schwartz lacks sufficient knowledge and information to form a belief as to truth of allegation concerning the purported reason for plaintiffs' document request. Denies the remaining allegations in the paragraph 47, except he admits that in January 2007, he produced a copy of the financial statement previously submitted to the United State Department of Probation in 2006.

48.     Mr. Schwartz lacks sufficient knowledge and information to form a belief as to the truth of the allegation that ████████████████████████ ████████ Plaintiffs' document request and the transcript of the March 1, 2007 conference speak for themselves, and Mr. Schwartz denies the remaining allegations in paragraph 48.

49.     Mr. Schwartz denies the allegations in paragraph 49, except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement to the Errata Sheet ("Supplementary Statement"). The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself, and Mr. Schwartz denies the remaining allegations in paragraph 49.

49(1).    Mr. Schwartz denies the allegations in paragraph 49(1), except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the

deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement. The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself.

49(2). Mr. Schwartz denies the allegations in paragraph 49(2), except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement. The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself.

49(3). Mr. Schwartz denies the allegations in paragraph 49(3), except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement. The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself.

49(4). Mr. Schwartz denies the allegations in paragraph 49(4), except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement. The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself.

49(5). Mr. Schwartz denies the allegations in paragraph 49(5), except he admits that he testified at a deposition in First Action on May 2, 2007, as set forth in the deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement. The deposition transcript, as supplemented by the Errata Sheet and the Supplementary Statement, speaks for itself.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Paragraph 52 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mr. Schwartz denies the remaining allegations in paragraph 52.

53. Paragraph 53 alleges conclusions of law and other matters as to which no answer is required. To the extent an answer may be deemed to be required, Mr. Schwartz denies the remaining allegations in paragraph 53.

54. Denies the allegations set forth in the first sentence of paragraph 54, except that he admits that plaintiffs filed a motion for leave to file a second amended complaint in the First Action on July 30, 2007. With respect to the remaining allegations in paragraph 54, plaintiffs' motion papers and the Court's decisions denying leave to amend speak for themselves, and Mr. Schwartz denies the allegations.

## PLAINTIFFS' CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 273, 278 and 279)

55. Mr. Schwartz restates and incorporates by reference herein his responses to the allegations in paragraphs 1 through 54.

56. Denies paragraph 56.

57. Denies paragraph 57.

58. Denies paragraph 58.

## SECOND CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 275, 278 and 279)

59. Mr. Schwartz restates and incorporates by reference herein his responses to the allegations in paragraphs 1 through 58.

60. Denies paragraph 60.

61. Denies paragraph 61.

62. Denies paragraph 62.

## THIRD CLAIM FOR RELIEF

### (Avoiding Fraudulent Conveyances Under NY DCL §§ 276, 278 and 279)

63. Mr. Schwartz restates and incorporates by reference herein his responses to the allegations in paragraphs 1 through 62.

64. Denies paragraph 64.

65. Denies paragraph 65.

66. Denies paragraph 66.

67. Denies paragraph 67.

## FOURTH CLAIM FOR RELIEF

### (Attorney's Fees Under NY DCL § 276-a)

68. Mr. Schwartz restates and incorporates by reference herein his responses to the allegations in paragraphs 1 through 67.

69. Denies paragraph 69.

70. Denies paragraph 70.

71. Denies paragraph 71.

72. Denies paragraph 72.

**JURY DEMAND**

Mr. Schwartz demands a trial by jury in this action.

**DEFENSES & AFFIRMATIVE DEFENSES**

1. The Complaint fails to plead its allegations with the requisite particularity and specificity, including all claims of fraud and constructive fraud.

2. The alleged conveyances were not fraudulent.

3. Mr. Schwartz did not intend to defraud, hinder, or delay plaintiffs.

4. Mrs. Schwartz did not intend to defraud, hinder, or delay plaintiffs.

5. Mr. Schwartz was solvent at the time of the gifts to his wife.

6. Mr. Schwartz did not intend or believe that he would incur debts beyond his ability to pay as they matured.

7. Mr. Schwartz was not rendered insolvent by the gifts to his wife.

8. Plaintiffs were not and are not present creditors as defined by the New York Debtor and Creditor Law.

9. Plaintiffs were not and are not future creditors as defined by the New York Debtor and Creditor Law.

10. Plaintiffs' conduct renders inequitable the granting of the relief sought.

11. Plaintiffs' claims are barred by the statute of limitations.

12. Plaintiffs' claims are barred by waiver and/or estoppel.

13. Plaintiffs' claims are barred by the doctrine of laches.

14. Lack of personal jurisdiction.

15. Plaintiffs lack standing.

16. The Complaint fails to state a claim upon which relief can be granted.

17. Mrs. Schwartz was not aware of and did not participate in any alleged fraud.

18. Illegality.

19. Contributory negligence.

20. Mr. Schwartz reserves the right to assert any and all of the defenses, including affirmative defenses, to be counted available during the course of discovery at trial.

Respectfully submitted,

CLAYMAN & ROSENBERG

By:_____
Seth L. Rosenberg (SR-4563)
Thomas O. Rotko (TR-9339)
305 Madison Avenue
New York, New York 10165
Telephone (212) 922-1080
Facsimile (212) 949-8255

*Attorneys for Arthur L. Schwartz*

Dated:      April 24, 2008
            New York, New York