UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PARSONS & WHITTEMORE
ENTERPRISES CORP., PARSONS &
WHITTEMORE, INCORPORATED,
GEORGE F. LANDEGGER, and EVA
LANDEGGER,

          Plaintiffs,

    - against -

ARTHUR L. SCHWARTZ and LOUISE H.
SCHWARTZ,

          Defendants.
---------------------------------------------------------------x

08 Civ. 2084 (ECF)(CLB)(GAY)



## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for all parties to this action, that the following provisions shall govern disclosure and use of all documents, testimony, and other information designated "Confidential" that is produced or given by any person in the course of discovery in this action:

    1.    **Confidential Information:** In responding to discovery requests, whether made formally or informally, the producing party may designate documents or other materials "Confidential." The producing party shall designate information "Confidential" only when that party has a good faith belief that the information so designated is confidential or entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or other applicable law and may include any non-public commercial information, financial or banking information, or any other material the public disclosure of which might

cause the responding party annoyance, embarrassment, oppression or competitive disadvantage.

2. **Confidential Information Covered:** The protections conferred by this Stipulation and Order cover not only the Confidential information, but also any information copied or extracted from such material, as well as copies, excerpts, summaries, or compilations thereof, and testimony or conversations that might reveal Confidential information. Further, the definition herein of "Confidential" encompasses documents, materials and testimony designated as such in the related action, Parsons & Whittemore Enterprises Corp. v. Schwartz, No. 03 Civ. 873 (CLB)(GAY) (S.D.N.Y.) (the "Related Action").

3. **Designating Information Confidential by Parties:** The designation of materials as Confidential by the parties to this litigation shall be made as follows:

(a) By imprinting the word "Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-documentary materials;

(b) For written responses to discovery requests, by imprinting the word "Confidential" next to or above any response to a discovery request or on each page of a response;

(c) For depositions, by indicating on the record at the deposition or, within forty five (45) days after the conclusion of said deposition, by informing all parties' counsel in writing that some or all of the transcript and/or responses be treated as Confidential information; and

2

(d) For materials produced in electronic format, by either imprinting the word "Confidential" on the face of each page of a document so designated, or by designating the production as "Confidential" in the transmittal cover letter.

4. **Designating Information Confidential by Non-Parties:** Non-parties from whom discovery is sought by the parties to this Stipulation and Order may designate information as Confidential consistent with the terms of this Stipulation and Order, provided that such non-parties agree in writing to be bound by this Stipulation and Order. Additionally, any party may designate discovery produced by a non-party as Confidential, and any party may designate as Confidential any documents produced by any federal or state taxing authority pursuant to a consent or other authorization, subpoena, or court order. Where a party or non-party designates discovery produced by a non-party or documents produced by a federal or state taxing authority as Confidential, all duties applicable to a producing party shall apply to such non-party or taxing authority. All obligations applicable to parties receiving such information shall apply to any party receiving information from such non-party or taxing authority.

5. **Disclosure of Confidential Information:** The information designated as Confidential information pursuant to this Stipulation and Order shall not be disclosed or disseminated to any person, corporation, partnership, firm, agency, association, or any other entity whatsoever without a Court order, except to:

(a) parties to this litigation (including the officers and in-house counsel of corporate parties to this litigation, and their secretaries, legal assistants, litigation vendors, or other support personnel);

3

(b)     the parties' counsel who have entered an appearance in this action, and their employees, contract workers, assistants, litigation vendors or other support personnel as reasonably necessary to assist appearing counsel in this litigation;

(c)     consultants or expert witnesses retained for the prosecution or defense of this litigation, but only to the extent deemed necessary in good faith by counsel for the pursuit or defense of claims in this litigation and only provided that each such person shall execute a copy of the Certification annexed as Exhibit A to this Stipulation and Order before being shown or given any Confidential information;

(d)     the Court, Court personnel, and Court reporters, although the procedures set forth in paragraph 14 below shall be employed before filing any Confidential information with the Court;

(e)     the parties' insurers (including the insurers' counsel) provided that each such person shall execute a copy of the Certification annexed as Exhibit A to this Stipulation and Order before being shown or given any Confidential information; and

(f)     any person from whom testimony is taken or has been noticed or subpoenaed to be taken in this action.

6.      **Responsibility for Compliance:** The party's counsel who discloses Confidential information shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such Confidential information is disclosed and shall obtain and retain the original Certifications executed by qualified recipients of Confidential information (if such execution was required by the terms of this Stipulation and Order).

4

7. **Use of Confidential Information:** The information designated as Confidential information pursuant to this Stipulation and Order shall only be disclosed in connection with the prosecution and defense of the claims in this litigation and the Related Action, and any claims arising out of the prosecution or defense of this litigation and the Related Action, except that nothing herein shall prevent disclosure as required by law, validly issued and served subpoena, or compelled by order of any court. In the event of a motion, pleading, subpoena or order of any court seeking or requiring disclosure of any Confidential information, the party from whom disclosure is sought shall give prompt written notice to the party that produced such Confidential information to enable said party to take protective actions as it may deem necessary. In the event a party believes that disclosure is otherwise required by law, it shall give at least (30) days written notice to the producing party prior to disclosing such Confidential information.

8. **Use and Disclosure of Independently Obtained Information:** Nothing herein shall impose any restriction on the use or disclosure by a party or its agent of its own information, or of information lawfully available to that party, or of information that lawfully came into the possession of the party independent of any disclosure of Confidential information in this litigation.

9. **Inadvertent Production of Confidential Information:** A party that has inadvertently produced Confidential information without designating it as "Confidential" may at any time prior to the conclusion of this action (whether by final non-appealable order, final judgment, or stipulation of dismissal), redesignate such information as "Confidential" in accordance with the terms of this Stipulation and Order. The party making such redesignation shall be responsible, at its own cost, for producing to all parties new copies of

5

the redesignated documents or materials with the "Confidential" legend. The party receiving such redesignated "Confidential" information shall make a reasonable good faith effort to ensure that all copies in its possession, custody or control of the previously undesignated documents or materials subject to the redesignation are destroyed or returned to the producing party.

10. **Inadvertent Production of Otherwise Protected Information:** The inadvertent or unintentional disclosure by any party of privileged information or work-product, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of attorney-client privilege or work product immunity. A party notified in writing by another party or person who has produced or disclosed information in this action that the producing or disclosing party has inadvertently disclosed privileged information or protected work product shall promptly (i) return to the claiming party or person that material as to which the claim of inadvertent production has been made and (ii) take reasonable steps to obtain the return of any such material that the party has provided to any third party. The returning party shall not use such information for any purpose until further order of the Court. After returning such material, the returning party may then move the Court for an Order compelling production of the material.

11. **No Waiver as to Other Proceedings:** It is expressly agreed among the parties to this Stipulation and Order that production of material designated as "Confidential" hereunder is neither intended nor shall be construed to be a waiver of any applicable privilege or protection, including, but not limited to, the attorney-client privilege and work product immunity, in any other or subsequent action or proceeding.

6

12. **Reservation of Rights:** Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Stipulation and Order shall be deemed an admission that anything designated hereunder as Confidential information does or does not in fact constitute or contain privileged, proprietary, or confidential information or trade secrets. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific Confidential information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as Confidential hereunder.

13. **Challenges to Confidential Designation:** Entry of this Stipulation and Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other information in the course of this action, provided, however, that no such motion shall be made after entry of a final judgment or settlement. If a party disagrees with a producing party's designation of information as Confidential, or disputes the limitations on access to be accorded such information under this Stipulation and Order, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement, specifically identify the information or restriction on access in dispute, and state the reasons why the party believes such information is not Confidential. If, despite good faith effort, the dispute cannot be resolved informally by the parties within thirty (30) days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek relief from the Court. The parties do not intend to change the legal burden of

7

demonstrating the confidentiality of such documents. Pending the Court's ruling, the party contesting the designation shall continue to treat the information in accordance with the "Confidential" designation.

14. **Filing of Confidential Information with the Court:** In the event that any Confidential information is used in any Court proceeding prior to trial, it shall not lose its confidential status through such use. Confidential information may be referred to in documents such as briefs, memoranda, or other submissions, filed with the Court or made exhibits to papers filed with the Court, provided that any such briefs, memoranda or submissions incorporating or referencing such Confidential information shall bear the statement "Confidential Document Subject to Order" on the first page of the brief, memorandum or submission. The brief, memorandum, or submission shall be filed with the Court in a sealed envelope on which shall be endorsed the caption of the action and the following statement:

*** CONFIDENTIAL ***

*** FILED UNDER SEAL ***

> This envelope contains confidential documents or transcripts filed in this case that are subject to a Confidentiality Order entered by the United States District Court for the Southern District of New York, in the case captioned *Parsons & Whittemore Enterprises Corp., Parsons & Whittemore, Incorporated, George F. Landegger, and Eva Landegger against Arthur L. Schwartz and Louise H. Schwartz*, Civil Action No. 08 Civ. 2084 (CLB)(GAY). This envelope shall not be opened nor the contents displayed or revealed except by Order of the Court. Violation thereof may be regarded as contempt of Court.

15. **Sealing of Trial or Hearing:** A party who desires to have the trial or any hearing in this case, or any portion thereof, sealed on the grounds that information or testimony to be disclosed pertains to Confidential information may move for an appropriate Order prior to or at the time of the trial or hearing in question.

8

16. **Duration of Stipulation and Order/Return of Confidential Information:** All provisions of this Stipulation and Order restricting the use of Confidential information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered by the Court. Within 60 days of the conclusion of this action (whether by final non-appealable order, final judgment, or stipulation of dismissal), the parties shall return all Confidential information, including copies thereof, to the party that produced such Confidential information, or certify to counsel for the producing party that they have destroyed all Confidential information and copies thereof. The Court shall retain continuing jurisdiction to enforce the terms of this Stipulation and Order after the conclusion of this action.

17. **Preservation of Objections:** Nothing contained in this Stipulation and Order, nor any action taken in connection or in compliance with it, shall: (i) operate as an admission by a party that any particular document is, or is not, relevant, material and/or admissible as evidence in this litigation; or (ii) bar a party from seeking to quash, prohibit or otherwise limit the use or introduction of any Confidential information in connection with any aspect or at any stage of this case. Further, nothing herein shall be deemed to preclude a party from seeking additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

18. **Construction:** For purposes of this Stipulation and Order, the word "its" shall also be construed to mean "his" or "her," wherever appropriate.

19. **Scope of Discovery not Addressed:** Nothing in this Stipulation and Order shall constitute an agreement as to the scope of discovery in this action.

Dated: June 17, 2008

9

| | |
|---|---|
| MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C. | CLAYMAN & ROSENBERG |
| By: _____<br>Edward M. Spiro (ES-1206)<br>565 Fifth Avenue<br>New York, New York 10017<br>(212) 856-9600 | By: _____<br>Seth L. Rosenberg (SR- 4563)<br>305 Madison Avenue<br>New York, New York 10165<br>(212) 922-1080 |
| *Counsel for Plaintiffs* | *Counsel for Defendant Arthur L. Schwartz* |

BRICCETTI, CALHOUN & LAWRENCE, LLP

By: _____
Vincent L. Briccetti (VB-3285)
81 Main Street, Suite 450
White Plains, New York 10601
(914) 946-5900

*Counsel for Defendant Louise H. Schwartz*

IT IS SO ORDERED this 19th day of June 2008;

_____
George A. Yanthis, United States Magistrate Judge

10